IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
January 22, 2008 Session

**THERESA L. CALDWELL**

**v.**

**CANADA TRACE, INC.**

**Appeal from the Circuit Court for Shelby County**
**No. 90029-3 T.D.     Karen R. Williams, Judge**

_____

**No. W2007-00783-COA-R3-CV - Filed July 29, 2008**

_____

This is an appeal from a damage award.  In the underlying litigation, the plaintiff owner of a mobile home sued the defendant owner of the mobile home park in which the mobile home was located, over the defendant's eviction of the plaintiff and alleged conversion and trespass, resulting in damages to the mobile home.  The trial court held in favor of the defendant mobile home park owner, and the plaintiff appealed.  The trial court's decision was reversed on appeal, and the case was remanded for the determination of the damages to the plaintiff mobile home owner.  The trial court awarded compensatory damages to the plaintiff mobile home owner, who now appeals again, arguing that she should have received consequential and punitive damages.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., joined; W. FRANK CRAWFORD, J., did not participate.

William Ray Jamieson, Memphis, Tennessee, for the appellant, Theresa L. Caldwell

Joseph Duane Barton, Millington, Tennessee, for the appellee, Canada Trace, Inc.

This case is before this Court for a second time.  The underlying facts are set forth in our previous decision in *Caldwell v. Canada Trace, Inc.*, No. W2003-00264-COA-R3-CV, 2004 WL 1459418 (Tenn. Ct. App. June 28, 2004), and we will not repeat them here.  In the first appeal, we remanded the case for a determination of the damages to which Plaintiff/Appellant Theresa L. Caldwell ("Caldwell"), as owner of the subject mobile home, was entitled as a result of the trespass of Defendant/Appellee Canada Trace, Inc. ("Canada Trace").

On remand, the trial court awarded damages in the amount of $7,000, which represented the difference between the amount Caldwell paid for the home when she purchased it in March 1997 ($20,000), and the amount she received when she sold the home in September 1997 ($13,000).  In addition, the trial court awarded Caldwell discretionary costs for her court reporter fees.  The trial court declined to award Caldwell any amounts for attorney's fees, lost earnings, travel costs, or pre-judgment interest.  Caldwell again appeals.

On appeal, Caldwell argues that the trial court erred by awarding compensatory damages of only $7,000 and by refusing to award either punitive damages or consequential damages.  We address these issues in that order.  Canada Trace raises the additional issue of whether the trial court erred in declining to dismiss Caldwell's case pursuant to Tennessee Code Annotated § 29-11-105(a)(2).[2]

The trial court's findings of fact are reviewed *de novo* upon the record, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise.  Tenn. R. App. P. 13(d).  Questions of law are reviewed *de novo*, with no presumption of correctness.  *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

Caldwell first contends that the award of $7,000 in compensatory damages was too low.  Caldwell argues that this figure is based on the trial court's erroneous finding that the fair market

---

[1]**Rule 10.  MEMORANDUM OPINION**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Section 29-11-105 provides:

(a) When a release or covenant not to sue or not to enforce judgment is given in good faith to one (1) of two (2) or more persons liable in tort for the same injury or the same wrongful death:

. . .

(2) It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor.

T.C.A. § 29-11-105(a)(2) (2000).

value of the subject mobile home before the trespass was $20,000. Caldwell contends that the correct fair market value prior to Canada Trace's trespass was $25,780.85, the amount that the prior owners of the mobile home, the Procrasses, originally paid for the home. Accordingly, Caldwell argues that she was entitled to $12,780.85 in compensatory damages.

The correct amount of damages to be awarded is a question of fact. ***Beaty v. McGraw***, 15 S.W.3d 819, 827 (Tenn. Ct. App. 1998) (citations omitted).[3] Thus, the trial court's finding on the amount of damages is reviewed *de novo* on the record with a presumption that the finding was correct. Tenn. R. App. P. 13(d); ***Campbell v. Fla. Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996).

In the case at bar, the trial court had essentially two facts from which it could determine the fair market value of the mobile home immediately before the trespass. The first was the price paid by the Procrasses, from whom Caldwell acquired the mobile home. The second was the price paid by Caldwell. The trial court found that the fair market value of the mobile home before Canada Trace's trespass was $20,000, the price paid by Caldwell. The evidence in the record, taken as a whole, does not preponderate against this finding. Therefore, we find no error in the trial court's finding that Caldwell's actual damages resulting from Canada Trace's trespass was $7,000. Accordingly, we affirm the award of compensatory damages.

Caldwell also contends that the trial court erred by not awarding punitive damages. Punitive damages are awarded "only if [the trial court] finds a defendant has acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly." ***Hodges v. S.C. Toof & Co.***, 833 S.W.2d 896, 901 (Tenn. 1992). The plaintiff has the burden of proving that the defendant acted intentionally, fraudulently, maliciously, or recklessly "by clear and convincing evidence." ***Id.*** Because the trial court made no factual findings regarding the propriety of punitive damages, we review the record *de novo*. ***Goodman v. Memphis Park Comm'n***, 851 S.W.2d 165, 166 (Tenn. Ct. App. 1992).

From our review of the appellate record, we do not find "clear and convincing evidence" that Canada Trace acted intentionally, fraudulently, maliciously, or recklessly. Therefore, we find no error in the trial court's decision to decline to award punitive damages.

Caldwell argues further that the trial court erred in refusing to award "consequential damages." The "consequential damages" Caldwell sought consisted of attorney's fees, lost earnings for time spent in court, travel costs, and pre-judgment interest. This Court has previously noted that attorney's fees and travel expenses are not recoverable in a trespass action. ***Gottschall v. Fenn***, No. CA-12, 1986 WL 655, *3 (Tenn. Ct. App. Jan. 7, 1986) (citation omitted). Furthermore, travel costs are not allowable as discretionary costs. Tenn. R. Civ. P. 54.04. Accordingly, we affirm the trial court's denial of Caldwell's request for attorney's fees and travel costs.

---

[3]The choice of the proper *measure* of damages is, of course, a question of law, not a question of fact. ***Beaty***, 15 S.W.3d at 827. In this appeal, however, it is undisputed that the proper *measure* of damages for the injury to the mobile home is the difference between the fair market value of the property immediately before and immediately after the injury. ***See Reid v. State***, 9 S.W.3d 788, 794 (Tenn. Ct. App. 1999); ***see also Caldwell***, 2004 WL 1459418, at *8.

Caldwell also sought damages to compensate for her income that she lost due to attending the proceedings in the trial court below. The trial court declined to award Caldwell any amounts for lost earnings. We find no error in the trial court's decision, and it is affirmed as well.

Caldwell also challenges the trial court's refusal to award prejudgment interest. In considering a request for prejudgment interest, the trial court should determine whether such an award would be fair under the given circumstances. *Franklin Capital Associates, L.P. v. Almost Family, Inc.*, 194 S.W.3d 392, 405 (Tenn. Ct. App. 2005). An award of prejudgment interest is allowed if two criteria are met: (1) the amount is certain or easily ascertainable and (2) the obligation is not disputed on reasonable grounds. *Id.* at 405-06. The decision on whether to award prejudgment interest "is within the sound discretion of the trial court, and that decision will not be disturbed by an appellate court unless the record reveals a 'manifest and palpable abuse of discretion.' " *Id.* at 405 (quoting *Spencer v. A-1 Crane Serv., Inc.*, 880 S.W.2d 938, 944 (Tenn. 1994)).

Here, the amount of actual damages on which an award of prejudgment interest would be calculated is disputed by the parties, as evidenced by Caldwell's first issue on appeal. Under these circumstances, we find no abuse of discretion in the trial court's decision not to award Caldwell prejudgment interest.

Finally, we address Canada Trace's contention that Caldwell's claim should have been dismissed under Tennessee Code Annotated § 29-11-105(a)(2). During the initial proceedings in the trial court, Canada Trace moved for dismissal of Caldwell's claim based on her execution of the release, under T.C.A. § 29-11-105(a)(2). The trial court denied this motion. Canada Trace did not raise this issue in the first appeal. *See Caldwell*, 2004 WL 1459418, at *3.

In the first appeal, we remanded this case to the trial court solely for a determination of Caldwell's damages. Accordingly, we find that Canada Trace waived the issue regarding T.C.A. § 29-11-105(a)(2) by failing to raise it in the first appeal in this case.

The decision of the trial court is affirmed. Costs of this appeal are to be taxed one-half to Plaintiff/Appellant Theresa L. Caldwell, and her surety, and one-half to Defendant/Appellee Canada Trace, Inc., for which execution may issue if necessary

_____
HOLLY M. KIRBY, JUDGE